United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-10321
Summary Calendar

C. ROGER MAYES,

Plaintiff-Appellant,

VERSUS

KELLY SERVICE, INC.; ONSTAR CORPORATION,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas, Fort Worth Division

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant C. Roger Mayes ("Mayes"), a man born on December 21, 1940, brought suit in Texas state court against Appellees Kelly Services, Inc. ("Kelly") and Onstar Corporation ("Onstar"), alleging violations of the Texas Commission on Human Rights ("TCHR") Act, TEX. LAB. CODE ANN. ch. 21 (Vernon 1996 & Supp. 2004), and Title VII. Defendants removed the cause of action on the basis

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of both diversity and federal question jurisdiction, and the district court construed Mayes's reference to Title VII in his original complaint as a claim arising instead under the Age Discrimination and Employment Act, 29 U.S.C. §§ 621-634 ("ADEA").[1]

Mayes claimed he was employed by both Onstar and Kelly and that he was originally employed in 1998 at the age of fifty-seven years. Onstar objected, claiming Mayes had always been the employee of Kelly, or its predecessors, throughout his relationship with Onstar as a sales manager. At the inception of his relationship with Kelly, Mayes entered several agreements, including an agreement that Kelly was his employer. The contract provided that while assigned to other entities on a temporary basis, Mayes remained an employee of Kelly alone. It is by virtue of this agreement that Mayes was employed by Kelly but provided services to Onstar. Also, Mayes agreed that upon termination of a temporary assignment he should contact Kelly for another assignment and that failure to do so would indicate that he voluntarily quit or was not actively seeking work.

In 2002, when Mayes was sixty-one years old, Kelly informed Mayes that Onstar was dissatisfied with Mayes's performance and requested he be removed from the assignment. At that time, Mayes could have, but did not, requested reassignment to a new position with Kelly.

---

[1]Mayes does not contest this construction.

2

After initial proceedings and adequate discovery, Kelly and Onstar filed motions for summary judgment. On February 11, 2004, the district court granted defendants' motions on the grounds that (1) Onstar was not Mayes's employer; (2) Mayes failed to present a *prima facie* case of age discrimination; and (3) even assuming a *prima facie* case was presented, defendants produced a legitimate, nondiscriminatory basis for removing Mayes from work responsibilities, and Mayes failed to present evidence that their proffered reasons were pretext for unlawful discrimination.

We review a district court's grant of summary judgment *de novo*. *Young v. Equifax Credit Info. Servs. Inc.*, 294 F.3d 631, 635 (5th Cir. 2002). We have reviewed the briefs and record excerpts, as well as relevant portions of the record. We AFFIRM the district court's granting of summary judgment for the reasons articulated in its memorandum opinion and order filed February 11, 2004.

**AFFIRMED**.